MADDOX, RUCKER & CO. v. THE ATLANTIC AND NORTH
CAROLINA RAILROAD et al.

*Trial—Evidence—Irrelevant Testimony—Declarations of
Witness.*

Where, upon the trial of an action involving the ownership of a draft
and bill of lading, endorsed by D. to plaintiffs, there was evidence
which, if believed, established the plaintiffs' ownership, it was
improper to admit as evidence, on behalf of the defendants, the
adverse claimants, telegram and letters of D., written and sent
by him after the alleged transfer of the bill and draft, denying the
effect of such transfer, there being nothing to connect plaintiffs
with such letters and telegrams.

This was AN ACTION for the recovery of the possession of a
sawmill and fixtures, and for damages for detention of the
same, tried before *Graves, J.,* and a jury.

The plaintiffs claimed title through a bill of lading issued
to DeLoatch Mill Manufacturing Company, which plaintiffs
claim was transferred to plaintiffs Maddox, Rucker & Co. by
DeLoatch Mill Manufacturing Company.

The following issue was submitted to the jury:

" Was the same (the bill of lading) assigned for value to
Maddox, Rucker & Co. on or before 7th of August? " to
which the jury answered " No."

The plaintiff introduced upon this issue the deposition of
W. L. Peele, and examined W. G. Bryan, who testified that
he was the collecting clerk of the National Bank of Newbern,
and as such, received on August 3, 1891, the draft which is
attached to the deposition of W. L. Peele, with a bill of
lading attached thereto, which was endorsed by the DeLoatch
Mill Manufacturing Company. That the papers came in the
usual course of business, purporting to come from Maddox,
Rucker & Co., for whose account he held the same. That
he identified the draft by marks he put upon it, but cannot

say whether the bill of lading be the same or not.   That the endorsement upon the bill of lading shown him, a copy of which is set out in the complaint, and the same which is attached to the deposition of W. L. Peele and A. A. DeLoatch is in the same handwriting as the signature to the draft, having qualified himself as an expert upon handwriting. That he kept the said draft and bill of lading attached thereto, until the 29th of August, 1891, when he returned it to Maddox, Rucker & Co.

. The plaintiffs had taken the deposition of one A. A. De-Loatch, a nonresident, and the defendants had cross-examined said witness upon said examination.   The plaintiffs declined to introduce said deposition upon the trial.   The defendants proposed to introduce the cross examination of A. A. DeLoatch, as taken in deposition, and the exhibits therein referred to, for the purpose of showing that the bill of lading referred to had not been transferred *bona fide* and for value before the 7th day of August, 1891.   Upon the opening of the deposition the plaintiffs excepted to this part of the deposition, and, by consent, the exception was left to be determined upon the trial.   The plaintiffs objected to the admission of the testimony, first, because the defendants could not introduce the cross-examination without the direct having first been introduced, and without the witness having been used upon the trial by the adverse party, which the plaintiffs had not done; and second, for that the exhibits proposed to be read were only the declaration of A. A. DeLoatch, under whom the plaintiffs claimed, but all made at a time subsequent to the date of assignment alleged to have been made, and which was in issue then being tried, the defendants then claiming under the same person.

Objection was overruled and testimony admitted, and the plaintiffs excepted.   Verdict for the defendants.   Motion for new trial by plaintiffs, upon the ground of error in admit-

ting the testimony of A. A. DeLoatch above. Motion denied. Judgment for defendants, from which plaintiffs appealed.

*Mr. W. D. McIver*, for plaintiffs (appellant).
*Mr. W. W. Clark*, for defendant.

Burwell, J.: Upon the trial the plaintiffs submitted evidence which, if believed by the jury, made out for them a *prima facie* case according to the principle established when this cause was before the Court on a former appeal. 111 N. C., 122. That evidence tended to show that the plaintiffs were owners of the draft and also of the attached bill of lading, by virtue of an endorsement of it to them by the consignor, the Deloatch Mill Manufacturing Company, the shipment being to the order of the said consignor, and the endorsement being made by A. A. Deloatch, the President of the company.

If A. A. Deloatch had testified on the plaintiffs' behalf that they were the owners of the bill of lading, and that he, as president of the company, had transferred it to them by endorsement at a certain time, then it would have been of course entirely competent for the defendants to show, for the purpose of weakening the force of his testimony, that since the date of the alleged transfer of the bill of lading he had made statements, oral or written, contradictory of or inconsistent with his testimony. But the plaintiffs saw fit not to use him as a witness in their behalf, and thus rendered his declarations about the fact at issue entirely irrelevant. Hence the telegram and letters written and sent by him after the alleged transfer of the bill of lading and the drawing of the accompanying draft to plaintiffs' order, and put in evidence by the defendants and admitted over the plaintiffs' objection, should have been excluded. There was no evidence that, in any way, connected the plaintiffs with this telegram and

these letters, and no statement therein contained should be allowed to affect their rights. It matters not in what manner the sending of the telegram and the writing of the letters by Deloatch was proved, whether by his testimony as a witness present at the trial and put upon the witness stand by the defendants, or by his deposition; these declarations of his should have been excluded.

It is not necessary therefore to decide whether a defendant, upon the trial of a cause, should be allowed to use for his own purposes a portion of the deposition of a witness which was taken at the instance of the plaintiff—whether he should be allowed to put in evidence what the witness said under his cross-examination without also putting in evidence the whole deposition, for the facts testified to by this witness were irrelevant facts, and had no proper place in the trial, whether established by the introduction of an entire deposition, or part of one, or by the oral testimony of a present witness.

New Trial.